**HELLER, Plaintiff-Appellant, v. STANDARD OIL COMPANY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3986.  Decided October 8, 1958.

Morris Mendelssohn, Youngstown, for plaintiff-appellant.

McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM.

There is evidence in the case we review that on the morning of

March 28, 1955, plaintiff was operating an automobile in a westerly direction on the north lane of United States Route 224 in Mahoning County, Ohio, at about thirty-five miles an hour; that he encountered icy spots on that highway in the vicinity of Canfield, Ohio, necessitating his slowing the speed of the automobile he was driving to twenty-five miles an hour; that suddenly the automobile he was operating began to skid "weaving right, left, right, left, right, left," which continued skidding for "four or five seconds culminating in" a sharp swing to the left about half way into the oncoming lane where it stopped. About this time plaintiff saw defendant's oil tank truck travelling twenty-eight miles an hour in an easterly direction on the south lane of U. S. Route 224, about five hundred feet distant. That distance is disputed by the driver of defendant's truck, he and one of his witnesses claiming such distance was about two hundred feet and another of his witnesses claiming that such distance was two hundred fifty feet.

There is disputed evidence that defendant's oil truck turned onto the south snow covered berm of the highway at or about the moment of collision, and thereafter travelled out of control onto land adjoining such berm and then crossed the highway striking another automobile travelling in a westerly direction on the northerly side thereof.

The jury returned a verdict for defendant in plaintiff's action in the court of common pleas to recover damages for such injuries. From that judgment plaintiff appealed to this court on questions of law.

Plaintiff has assigned eleven grounds of error in which he contends that the trial judge erred to his prejudice "in refusing evidence offered by the plaintiff"; in "admitting evidence offered by the defendant and objected to by the plaintiff"; in "refusing to charge the jury as requested by plaintiff"; in "refusing to charge certain statutory provisions requested by the plaintiff which are applicable to the case"; in his "charge to the jury to which plaintiff objected"; and in "charging all the eight special requests of the defendant including the special charge that the plaintiff had violated the statutory provision of §4511.26 R. C., which were objected to by the plaintiff." Plaintiff further claims there was error in that "defendant's counsel improperly argued to the jury matters not in evidence"; that the "verdict upon which judgment was entered appears to have been given under the influence of passion and prejudice," is manifestly against the weight of the evidence and contrary to law; and finally that there are "other errors occurring at the trial and excepted to by the plaintiff."

We have studied all of these assigned grounds of error carefully, read the voluminous evidence and lengthy briefs of plaintiff's counsel and considered the brief of defendant, and the oral arguments of counsel, and as a result reach the conclusion that no error intervened to the prejudice of plaintiff in any of the respects urged therein.

Plaintiff urges that the trial court erred prejudicially to him in charging the jury before argument:—

"Special Request To Charge No. 2.

"If you find from a preponderance of all the evidence that the injuries and damages of the plaintiff, Max M. Heller, were the direct result

of an unavoidable accident, you will return your verdict in favor of the defendant, The Standard Oil Company.

"An unavoidable accident occurs only when the disaster happens from natural causes, without negligence or fault on either side.

"If, therefore, you conclude that neither Max M. Heller, nor Graber Durr was at fault under the facts of this case, your verdict must be for the defendant."

Although this specific charge was given at the request of counsel for the defendant the court in no manner indicated to the jury upon whose request the charge was given.

The evidence clearly establishes that plaintiff's automobile skidded upon an icy portion of the highway and "zigzagged" into and upon his wrong side of the highway whereby he claims he was in an emergency which required the defendant to exercise ordinary care to prevent defendant's oil truck from colliding with the automobile of plaintiff.

In its answer defendant specifically denied each allegation of negligence upon which plaintiff based his cause of action, and alleged that plaintiff lost control of his automobile and "zigzagged" across Highway 224 in a southerly direction into the path of a truck owned by the Standard Oil Company and crashed into the front and left side of such truck while the truck was on its own side of the road, and that the failure of the plaintiff to keep his vehicle under control was negligence, and that such negligence solely and directly caused the plaintiff's injuries, if any.

From the evidence submitted upon the trial the jury could reasonably find that the same condition of the highway, to-wit ice thereon, existed upon defendant's portion of the highway as well as the portion being travelled by the plaintiff.

Under the evidence it was reasonable for the jury to find that plaintiff's automobile crossed the center line of the highway and into the path of defendant's oncoming truck because of conditions over which plaintiff had no control, and the jury likewise could reasonably find that the operator of defendant's truck was faced with like condition of the highway which caused its truck, after the collision, to cross to its opposite side of the highway and collide with another automobile.

It is plain that plaintiff was conceding that his automobile zigzagged on the wrong side of the center line of the highway, and in effect he claims that this was unavoidable or at least not due to any of his negligence because of the icy condition of the highway.

While there is authority that in a negligence action where the plaintiff bases his right to recover upon alleged negligence of the defendant and the defendant denies such negligence and pleads sole negligence upon the part of the plaintiff there is in such state of the pleadings no occasion for charging upon unavoidable accident.

This court in its present term has held that the issues in a case arise not only from the allegations of the pleadings but also from the evidence received upon the trial. See Gladys Galbraith, Plaintiff-Appellant, v. Smith Construction Company, Defendant-Appellee, Mahoning Appeals No. 3973. In that case we cited **Kohn v. B. F. Goodrich Co., 139 Oh St 141.**

From the evidence in the case we now review this court arrives at the conclusion that the plaintiff has not been prejudiced by reason of the trial court giving the above special request to charge on unavoidable accident since the jury had no means of knowing otherwise than that the court was referring to the circumstances which indicated that plaintiff was on the wrong side of the road unavoidably.

In **Mahoning Savings & Trust Co., Exr. v. Kellner, 131 Oh St 69,** the facts are sufficiently similar to those in that case as to control in this case. The Supreme Court in reversing this court and sustaining the trial court, in which a verdict was directed for the defendant, said:—

"This court having found that there is no testimony in the record even tending to establish negligence on the part of Dr. Greer, it is unnecessary to consider the issue of contributory negligence.

"Taking all this testimony and the physical facts, just what was there for the consideration of the jury?"

The rule laid down by the supreme court in the syllabus in the case of Mahoning Savings & Trust Co., Exr. v. Kellner, Admx., supra, which is not materially distinguishable in principle from the case we review, disposes of this case, and reads:—

"Under §§6310-17 and 6310-18 GC, the duty of the driver of a motor vehicle to 'keep to the right' is made a specific requirement. Both statutes are penal, and the driver of a motor vehicle who violates either of them is not only subjected to a penalty but is negligent as a matter of law.

"The driver of a motor vehicle proceeding lawfully on his right side of the highway, owes no duty to the operator of a zigzagging automobile in front of and approaching his motor vehicle, to leave his right side of the highway, where the law places him, and drive to the left side of the highway, where the law says he shall not be, in order to avoid collision with such zig-zagging automobile.

"Where the physical facts and the uncontradicted testimony of all the witnesses in an action for damages for wrongful death, considered in a light most favorable for the plaintiff, can have but one tendency, namely, to exculpate the defendant from all actionable negligence, it is the duty of the trial court at the close of plaintiff's case to arrest the evidence from the jury and direct a verdict in favor of such defendant."

Sincere in his argument, as counsel for plaintiff is, he seems not to appreciate the fact that it was plaintiff's automobile that went out of control and onto his wrong side of the highway.

The jury had the right to believe the witness, or witnesses, they felt most credible. The argument of counsel for plaintiff in his reply brief that the evidence of certain of his witnesses concerning the speed of defendant's truck is certainly more believable than the testimony of Graber Durr, who said he was travelling about twenty-five miles per hour at the time of the impact, is a matter addressed to the consideration of the jury. We cannot determine that question as a matter of law.

Under the evidence the jury could properly find that plaintiff's automobile left its right side of the highway and skidded to the left, or its wrong side, and that such was the result of the ice upon the

highway over which the plaintiff had no control and whereby plaintiff was placed in a position of danger as the result of such emergency.

We have carefully read the charge of the court to the jury wherein the court specifically charged that it was the duty of the operator of defendant's truck to use ordinary care to avoid injury to the plaintiff under the circumstances shown by the evidence.

The court's charge upon the whole is one of perfection obviating any claim of error in that respect under the pleadings and the evidence presented upon the trial. Appellant's counsel has failed to call our attention to other "errors occurring at the trial and excepted to by the plaintiff," as alleged as a ground of error, or to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as may be necessary to show how the questions arise, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

As stated above, having considered carefully each and every one of plaintiff's assigned grounds of error, upon which we pass, and finding nothing indicating to us that the verdict of the jury was rendered under the influence of passion and prejudice, or is against the manifest weight of the evidence, or contrary to law, we conclude that the verdict of the jury and judgment of the trial court entered thereon must be and is affirmed hereby.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.